IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv296 |
| MICHAEL BYERLY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Robert Grizzle, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit against Sergeant Michael Byerly, Sergeant Sean Bridges, Captain James Davis, Warden Kenneth Hutto and Captain Brandie Coffman. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff alleges that on March 10, 2020, he attended a disciplinary hearing conducted by defendant Coffman. Plaintiff states he previously filed lawsuits against defendant Coffman. Plaintiff and Defendant Coffman argued at the hearing. During the argument, plaintiff stated that he did not care about disciplinary convictions, loss of good conduct time or being placed on restriction. He said that such punishments would have no bearing on his behavior. Plaintiff told defendant Coffman he would only act properly if officers respected him, provided him with what he was entitled to under law and policy, and acted in a professional manner. He also informed defendant Coffman that if she violated his rights, he would file a lawsuit against her. Defendant Coffman told him that if he continued to be charged with disciplinary offenses, she would take his property. Plaintiff told her he had only boxes, magazines, legal work and hygiene items, all of which were constitutionally protected. Defendant Coffman replied by telling plaintiff she would have someone shake his cell down and he would never know she was the one who did it.

Plaintiff states that on February 26, 2020, he went to the law library and mailed out four lawsuits.  Later that day, defendants Byerly and Bridges came to plaintiff's cell block.  They announced they would be conducting a necessities shakedown to determine whether inmates had extra necessities.  They also stated defendant Davis ordered the shakecdown.

Plaintiff asserts that after he stepped out of his cell, he was strip-searched.  He and other inmates on his row were locked in the day room while their cells were searched.  When he returned to his cell, he noted his legal work was strewn about the cell and that two lawsuits were missing, as well as grievances and affidavits.  A shirt and several items purchased from the commissary were also missing.  Plaintiff states that when he was told about his missing items, he was told his toothpaste was in the box, which made it contraband despite the fact that plaintiff received it that way.  Plaintiff alleges the shakedown was done in retaliation for lawsuits he filed.

As stated above, plaintiff states that some of his legal work was confiscated, including affidavits from witnesses.  He asserts that the loss of the affidavits caused him irreparable harm as he no longer remembers the names of some of the witnesses.  Plaintiff states defendants Byerly, Bridges, Davis and Coffman disguised the shakedown as a necessities shakedown in order to hide their intent to take his legal work.

Plaintiff states that on March 5, he filed a Step 1 grievance concerning the events which are described above.  He states he then attempted to use the state tort of conversion by filing a notice of intent under the Texas Rules of Civil Procedure.  However, the head of the law library staff told him that if he sent a notice of intent out, he would be charged with a disciplinary offense.

On April 16, plaintiff received a response to his Step 1 grievance.  The response, which was signed by defendant Hutto, falsely stated that the property department told plaintiff the inventory sheets showed plaintiff still possessed the property he alleges was taken.

The court has entered an order directing defendants Coffman, Davis, Byerly and Bridges to answer or otherwise plead to the claims of deprivation of property, retaliation and denial of access

to courts.  As a result, this Report and Recommendation only considers the claim against defendant Hutto.

## Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint if it determines the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  "A district court may dismiss as frivolous [a complaint] . . . if it lacks an arguable basis in law or fact." *Geigers v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).    The statute gives courts "'the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (citation omitted).  "Examples of complaints within the clearly baseless category are those which describe fanciful, fantastic, or delusional scenarios."  *Ancar v. Sara Plasma*, *Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  "Pleaded facts which are merely improbable or strange, however, are not frivolous ...."  *Id.*

In order to state a claim upon which relief may be granted, a complaint does not need detailed factual allegations.  However, the plaintiff must allege sufficient facts to show more than a speculative right to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face.  *Id*. at 570.  Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim.  *Id*. at 555.

## Analysis

Plaintiff alleges defendant Hutto made false statements in his response to plaintiff's Step 1 grievance.  However, inmates do not have a constitutionally protected liberty interest in having grievances resolved, considered or processed to their satisfaction.  *Geiger*, 404 F.3d at 373-74.

3

Plaintiff's allegations against defendant Hutto therefore fail to state a claim upon which relief may be granted.

Recommendation

Plaintiff's claim against defendant Hutto should be dismissed for failure to state a claim upon which relief may be granted.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 5th day of September, 2023.

Zack Hawthorn
United States Magistrate Judge