IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv296 |
| MICHAEL BYERLY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Grizzle, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against Sergeant Sean Bridges, Captain James Davis, Sergeant Michael Byerly and Captain Brandie Coffman.

Pending before the court is a motion filed by defendants Bridges and Coffman asking that the claims against them be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), as well as an amended supplemental motion to dismiss.

Factual Allegations

Plaintiff alleges that on March 10, 2020, he attended a disciplinary hearing conducted by defendant Coffman. He states he previously filed lawsuits against defendant Coffman. Plaintiff states he and defendant Coffman argued at the hearing. During the argument, plaintiff said he did not care about disciplinary convictions, loss of good conduct time or being placed on restriction. He stated that such punishments would have no bearing on his behavior. Plaintiff told defendant Coffman he would only act properly if officers respected him, provided him with what he was entitled to under law and policy, and acted in a professional manner. He also informed defendant Coffman that if she violated his rights, he would file a lawsuit against her. Defendant Coffman replied by stating that if Plaintiff continued to be charged with disciplinary offenses, she would take his property. Plaintiff said that he only had boxes, magazines, legal work and hygiene items, all of which were constitutionally protected. Defendant Coffman told plaintiff she would have someone shake his cell down and that he would never know she was the one who did it.

Plaintiff states that on February 26, he went to the library and mailed out four lawsuits. Later that day, defendants Byerly and Bridges came to his cell block. They announced they would be conducting a necessities shakedown to determine whether inmates had extra necessities. They also stated defendant Davis told them to conduct the shakedown.

Plaintiff asserts that after he stepped out of the cell, he was strip-searched. He and other inmates on his row were locked in the day room while their cells were searched. When Plaintiff returned to his cell, he noted his legal work was strewn about the cell and that two lawsuits were missing, as well as grievances and affidavits. A shirt and several items purchased from the commissary were also missing. Plaintiff states that when he complained about the missing items, he was told his toothpaste was in the box, which made it contraband despite the fact that plaintiff received it that way. Plaintiff alleges the shakedown was done in retaliation for lawsuits he filed.

Plaintiff states that some of his legal work was confiscated, including affidavits from witnesses. He states the affidavits concern the case of *Grizzle v. Coffman*, No. 9:20cv44, a case which is pending in this court. Plaintiff contends the affidavits contained detailed information about defendant Coffman's conduct. He asserts that the loss of the affidavits caused him irreparable harm as he no longer remembers the names of some of the witnesses. Plaintiff states that as he no longer remembers the names of the witnesses, the loss of the affidavits will result in prejudice at the summary judgment and trial stages of the other case. Plaintiff alleges the defendants disguised the shakedown as a necessities shakedown in order to hide their intent to take his legal work.

Plaintiff alleges he spoke with defendant Byerly in July. He states they had a disagreement and that he told defendant Byerly he intended to file a lawsuit based on the acts described above. Plaintiff asserts defendant Byerly responded by stating that type of lawsuit was what led to the shakedown in February.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief may be granted. A complaint fails to state a claim upon which relief

may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject-matter jurisdiction of a federal court to hear a claim. A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Homebuilders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3 1006, 1010 (5th Cir. 1998) (citation omitted). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Analysis

*Qualified Immunity*

To the extent they are sued in their individual capacities, defendants Coffman and Bridges assert the defense of qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Evaluating qualified immunity is a two-step process, with the plaintiff bearing the burden of showing that a defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). The first step is to determine whether a defendant's alleged conduct has violated a federal right. The second step is to determine whether the right in question was clearly established

at the time of the alleged violation such that the defendant was on notice of the unlawfulness of his or her conduct. *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014) (*per curiam*). A defendant is entitled to qualified immunity if there is no violation or if the conduct did not violate clearly established law at the time. *Id*.

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense is not valid. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). In the context of a motion to dismiss for failure to state a claim, the plaintiff's burden is discharged if "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995)).

*Deprivation of Property*

A deprivation of property by persons acting under color of law, whether intentional or the result of negligence, may be cognizable under the Due Process Clause of the Fourteenth Amendment. However, where the deprivation was random and unauthorized, and the state has an adequate post-deprivation remedy, due process is satisfied. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding the Due Process Clause is not violated when a state employee intentionally deprives a person of property where the state has a meaningful post-deprivation remedy); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981) (finding no due process violation based upon a negligent deprivation of property if the state provides a post-deprivation remedy). *overruled in part on other grounds*, *Daniels v. Willians*, 474 U,S. 327 (1986). However, post-deprivation remedies are not sufficient to satisfy due process if the deprivation of property is caused by conduct pursuant to established policy. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982).

Plaintiff alleges his property was taken in retaliation for lawsuits he filed. As a result, he is alleging his property was not taken in accordance with established prison policy. Instead, it was taken as part of an unauthorized act.

The Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). As plaintiff alleges his property was taken as part of an unauthorized act, his deprivation of property claim fails to state a claim upon which relief may be granted.

*Retaliation*

"An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for different reasons, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, although it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate is required to prove: (1) he was exercising a specific constitutional right; (2) the defendant intended to retaliate against the inmate for exercising that right; (3) a retaliatory adverse act on the part of the defendant; and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to support a retaliation claim. *Woods*, 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

The statement plaintiff alleges defendant Byerly made in July is, at this stage of the proceeding, sufficient to allege direct evidence that Plaintiff's property was taken with a retaliatory motive. Moreover, it cannot be concluded that the alleged retaliatory act–the taking of plaintiff's property-was not capable of deterring a person of ordinary firmness from exercising his constitutional rights.

The right to be free from retaliation was clearly established in 2020. Plaintiff's allegations regarding retaliation are sufficient to state a constitutional violation. As a result, defendants Coffman and Bridges are not entitled to have this claim dismissed based on qualified immunity.

*Access to Courts*

Prisoners have a right to access to the courts protected by the First Amendment right to petition for redress of grievances, and the Fourteenth Amendment guarantee of procedural and substantive due process. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986). This right can be satisfied through appointed counsel, access to a law library or access to legally trained professionals. *Bounds*, 430 U.S. at 830-31. However, *Bounds* does not guarantee inmates the right to file and pursue all types of lawsuits. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Rather, the right of access to the courts requires that inmates be allowed a reasonably adequate opportunity to file non-frivolous cases challenging their convictions and conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). In order to recover for a denial of access to courts, an inmate must show that "an actionable claim [involving a challenge to a sentence or conditions of confinement] which he desired to bring has been lost or rejected, or that the presentation of such a claim is being currently prevented . . . ." *Id*. at 356.

Plaintiff alleges the confiscation of his property hindered him in pursuing the case of *Grizzle v. Coffmam* because papers taken from him included the names of witnesses, names he no longer remembers. However, the confiscation of his property did not prevent him from filing that lawsuit, which was filed in March, 2020, after his property was taken. Further, the docket sheet in that matter does not indicate the taking of his property has affected his ability to prosecute the lawsuit. While plaintiff states the loss of the names of witnesses may cause prejudice at the summary judgment and trial stages of the proceeding, this assertion is speculative.

Plaintiff's allegations are insufficient to demonstrate that the taking of his property prevented him from filing a lawsuit contesting his conditions of confinement or has affected the presentation

6

of his other case. His allegations regarding denial of access to courts therefore fail to state a claim upon which relief may be granted.

*Eleventh Amendment Immunity*

Defendants Coffman and Bridges assert that to the extent they are sued for money damages in their official capacities, they are entitled to immunity under the Eleventh Amendment to the Constitution.

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf States Utilities Company*, *Local Union Number 2286,* 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against a state official in his or her official capacity. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 609 (2001). Federal claims against state officials in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, defendants Coffman and Bridges are entitled to immunity under the Eleventh Amendment for any claim against them in their official capacities for money damages. The court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

*Compensatory Damages*

Finally, defendants Coffman and Bridges assert that as plaintiff does not allege he suffered either a physical injury or was subjected to a sexual act, he is barred from receiving compensatory damages for emotional injuries.

Title 42 U.S.C. § 1997e(e) bars a prisoner from recovering money damages for emotional injuries unless the prisoner also suffered a physical injury. *Geigers v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (holding that Section 1997e(e) applies to all civil actions in which a prisoner alleges a constitutional violation). The statute provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury or the commission of a sexual act." As plaintiff does not allege he suffered a physical injury or was subjected to a sexual act, he is barred from receiving compensatory damages resulting from any mental or emotional injury.

## Recommendation

The motion to dismiss filed by the defendants Coffman and Bridges (doc. no. 16), and the amended supplemental motion to dismiss (doc. no. 20), should be denied with respect to the claim of retaliation and granted in all other respects.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 20th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge